**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MANUEL CHAVEZ,

       Plaintiff,

v.                                     No. CV 20-210 CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

       Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Plaintiff Manuel Chavez's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum* ("Mr. Chavez's Motion"), (Doc. 19), filed October 9, 2020; Defendant Commissioner Andrew Saul's *Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(G)* (the "Commissioner's Motion"), (Doc. 21), filed December 11, 2020; Mr. Chavez's *Response to Defendant's Opposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(G)* (the "Response"), (Doc. 22), filed December 23, 2020; and Defendant's *Reply to Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(G)* (the "Reply"), (Doc. 23), filed December 28, 2020.

In his Motion, Mr. Chavez asks the Court to reverse the Commissioner's decision denying Social Security benefits, and to remand this case for an immediate award of benefits. (Doc. 19 at 24). Instead of filing a response to Mr. Chavez's Motion, the Commissioner filed his own Motion, indicating he does not oppose reversing the decision and remanding this case. (Doc. 21 at 1). Rather, the Commissioner opposes only an

immediate award of benefits, and accordingly asks the Court to remand this case back to the Commissioner for further proceedings. *Id.* The parties thus disagree only about whether the Court should remand this case for an immediate award of benefits.

The Court has reviewed Mr. Chavez's Motion, the Commissioner's Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. The Court, noting Mr. Chavez's Motion is unopposed as to reversal and remand, finds Mr. Chavez's Motion is **GRANTED**. Mr. Chavez's request for an immediate payment of benefits is **DENIED**. The Court further finds the Commissioner's Motion is **GRANTED**, and this case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

## I.    Procedural Background

This is the third time Mr. Chavez has challenged the denial of his Social Security benefits before this Court. *See generally Chavez v. Colvin*, 1:15-cv-734 JAP/KK; *Chavez v. Berryhill*, 1:18-cv-483 SMV, 2019 WL 1085169 (D.N.M. Mar. 7, 2019). Mr. Chavez initially filed applications for disability insurance benefits and supplemental security income on November 14, 2011, alleging disability beginning September 1, 2009. (Administrative Record "AR" 644). He later amended his alleged disability onset date to November 14, 2010. (AR 574). In his initial application, Mr. Chavez claimed he was unable to work due to diabetes, back problems, and stomach pain. (AR 93). Mr. Chavez filed subsequent claims on October 30, 2015, and March 5, 2019, which have been consolidated with the instant claim, alleging he was unable to work due to diabetes, high blood pressure, high cholesterol, depression, left hip/leg problems, back problems, and

GERD.[1] (AR 686, 1680, 1753, 1850).

Mr. Chavez's original application was denied initially on April 3, 2012, and upon reconsideration on January 13, 2013. (AR 126, 137). Mr. Chavez requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 7, 2014, before ALJ Barry O'Melinn. (AR 644, 656). At the hearing, Mr. Chavez appeared before ALJ O'Melinn with his attorney Bradford D. Myler, and impartial Vocational Expert ("VE") Teri Hewitt. (AR 644). ALJ O'Melinn issued the first unfavorable decision on February 14, 2014, finding Mr. Chavez not disabled at any time between the alleged disability onset date and the date of his decision. (AR 656). Mr. Chavez requested review of ALJ O'Melinn's decision before the Appeals Council, which was denied on June 19, 2015. (AR 15).

Mr. Chavez then appealed the Commissioner's decision to the United States District Court for the District of New Mexico. *See generally Chavez v. Colvin*, 1:15-cv-734 JAP/KK. On November 22, 2016, the Court granted Mr. Chavez's motion to remand the case, finding that ALJ O'Melinn failed to discuss and weigh the opinion of Dr. Donald K. Gucker, a state agency nonexamining psychological consultant. *Id.* On remand, the Appeals Council vacated the Commissioner's decision and remanded the case to an ALJ for further proceedings consistent with the Court's order. (AR 686).

A second hearing was held on September 13, 2017, before ALJ Ben Ballengee. (AR 589). At the hearing, Mr. Chavez appeared with his attorney Michael Armstrong, and

---

[1] Mr. Chavez alleged these impairments in his 2019 application. The Court is unable to locate his 2015 application, and neither Mr. Chavez nor the Commissioner detail its claims in their pleadings. *See generally* (Doc. 19); (Doc. 21). In any event, Mr. Chavez's 2015 claim was consolidated into this case prior to his second administrative hearing. (AR 686).

VE Karen N. Provine. (AR 574). ALJ Ballengee issued a second unfavorable decision on January 25, 2018, finding Mr. Chavez not disabled at any time between the alleged disability onset date and the date of his decision. (AR 589).

Mr. Chavez then appealed to the United States District Court for the District of New Mexico for a second time. *Chavez v. Berryhill*, 2019 WL 1085169. On March 7, 2019, the Court granted Mr. Chavez's motion to remand the case, finding that, although ALJ Ballengee discussed and weighed Dr. Gucker's opinion, he nevertheless failed to either incorporate Dr. Gucker's assessed limitations into the RFC or explain the limitations. *Id.* at *9.

A third hearing was held on September 27, 2019, before ALJ Michael Leppala. (AR 1541). Mr. Chavez appeared with his attorney Laura J. Johnson, and VE Nicole B. King. (AR 1521). ALJ Leppala issued a third unfavorable decision on January 9, 2020, finding Mr. Chavez not disabled at any time between the alleged disability onset date and the date of his decision. (AR 589). Pursuant to 20 C.F.R. § 404.984, this decision by ALJ Leppala is the final decision of the Commissioner.

Mr. Chavez, now represented by his attorney Laura J. Johnson, argues ALJ Leppala erred in failing to properly weigh five medical opinions. (Doc. 19 at 1). The Commissioner concedes that "the ALJ's discussion of certain of those opinions may not have been adequate," (Doc. 23 at 2), stating that "[t]he agency has further reviewed Plaintiff's case and determined that remand for further proceedings is warranted," (Doc. 21 at 1). As explained above, the parties are thus in disagreement only about whether the Court should remand for an immediate payment of benefits. *See supra*, at 1-2.

II.   **Standard of Review**

In a Social Security case, it is within the Court's discretion to remand for an

4

immediate award of benefits. *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). Courts consider (1) the length of time from the claimant's initial application for benefits that the case has been pending and (2) given the available evidence, whether or not remand for additional fact-finding would be useful or merely delay receipt of benefits. *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006). The Commissioner "is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its conclusion." *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (quotations omitted).

### III.    Analysis

Turning to the only issue before this Court, Mr. Chavez asks the Court to remand this case for an immediate award of benefits. *See* (Doc. 19). The Commissioner, however, argues that additional fact-finding would be useful because two additional claims have been consolidated into this action, and the case involves a complex record containing "approximately 15 medical opinions." (Doc. 21 at 2). The Commissioner also contends that the appropriate remedy for the ALJ's failure to properly weigh medical opinions is to reverse and remand for further proceedings. *Id.*

Mr. Chavez argues that the Court should award immediate benefits because the Commissioner has now failed three times to meet his Step Five burden, and remand will create a fourth opportunity for this error. (Doc. 22 at 2). Mr. Chavez contends specifically "it is unlikely that further fact-finding would serve any useful purpose" because the case has been pending since November 2011—more than nine years. (Doc. 19 at 25). Mr. Chavez disputes, moreover, that the additional consolidated claims justify additional proceedings given the alleged onset date in 2010, and reiterates that the "relevant

period" has already been adjudicated at three separate hearings. (Doc. 22 at 2). Finally, he argues that the "complex record" is of the Commissioner's own making. *Id.*

      *i.*      *Length of Time*

The parties agree more than nine years have passed since Mr. Chavez applied for benefits. (Doc. 19); (Doc. 21). The parties also agree that this case has already been remanded twice for further proceedings, both related to errors committed by two different ALJs regarding Dr. Gucker's medical opinion. *Id.*; *see also generally Chavez v. Colvin*, 1:15-cv-734 JAP/KK; *Chavez v. Berryhill*, 2019 WL 1085169. Compared to other Social Security cases heard in this District, Mr. Chavez's case has indeed been pending for a lengthy period of time. *See*, *e.g.*, *Begay v. Barnhart*, 1:3-cv-692 RLP, 2006 WL 8443776, at *5 (D.N.M. Aug. 29, 2006) (awarding immediate benefits where case had been pending only five years, with one prior remand). This long delay weighs in favor of remanding for an immediate award of benefits. *Salazar*, 468 F.3d at 626.

However, an immediate award of benefits is not warranted solely on the basis of the length of time the case has been pending. *See*, *e.g.*, *Winick v. Colvin*, 674 F. App'x 816, 823 (10th Cir. 2017) (finding "an eventual award of benefits is not foreordained on this record, and further administrative proceedings are appropriate to permit the Commissioner to properly weigh the evidence"). The Court will next consider whether remanding the matter for further fact-finding would be futile.

      *ii.*     *Utility of Further Fact-Finding*

Mr. Chavez appears to make two arguments with regard to further fact-finding. First, he argues that the impairments alleged in the 2015 and 2019 claims are irrelevant to the 2010 disability onset date. (Doc. 22 at 2). Second, to the extent that these new impairments are relevant, he argues they have been established and therefore do not

require further fact-finding. *Id.* The Commissioner argues only "this case involves two additional claims that have been consolidated into this action, including a claim filed in February 2019 . . . [g]iven this record and the combined claims, it is not readily apparent that additional fact-finding would serve no useful purpose." (Doc. 21 at 2).

The error at issue here involves the ALJ's treatment of five different medical opinions. (Doc. 19). This is not the same error—treatment of Dr. Gucker's opinion— committed the prior two times. *See generally Chavez v. Colvin*, 1:15-cv-734 JAP/KK; *Chavez v. Berryhill*, 2019 WL 1085169. Nor, for that matter, were any of these errors committed by the same ALJ. *Id.* This distinction is dispositive here.

The record contains contradictory evidence, which will likely be resolved upon a proper reassessment of these five medical opinions. For example, although the record contains evidence that Mr. Chavez has disabling physical limitations, the record also contains evidence that he can perform the physical demands of medium work. (AR 98-99, 377-384). The record contains evidence that Mr. Chavez has disabling mental limitations, but the record also contains evidence that he could perform a range of unskilled work. (AR 102-105, 1267-1268, 1892-1904, 1913-1914). Treating physician Toni Price, D.O., and Marnelli Hamilton, CNP, both concluded that Mr. Chavez has disabling physical limitations, but their opinions conflicted as to Plaintiff's ability to lift and stand or walk. (AR 442-443, 1375-1376). Nurse Helen Snyder, CFNP, concluded that Plaintiff had some disabling work-related mental limitations, but she rated Mr. Chavez's limitations as less severe than Dr. Padilla did. (AR 1267-1268, 1892-1904). Plaintiff argued in his opening brief that the ALJ erred in weighing all of these opinions. (Doc. 19 at 2). Properly assessing these opinions will likely resolve contradictions like these. *See*, *e.g.*, *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (explaining that the ALJ is

7

entitled to resolve conflicts in the record); *Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We . . . are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.").

Mr. Chavez cites *Serafin v. Berryhill*, 1:18-cv-1053 SMV, 2019 WL 3843051 (D.N.M. Aug. 15, 2019), and *Benson v. Saul*, 1:19-cv-457 SMV, 2020 WL 3448046 (D.N.M. June 24, 2020), for the proposition that the Court may grant immediate benefits where the ALJ has failed to properly weigh opinion evidence. (Doc. 22 at 3). These cases are distinguishable. In *Serafin v. Berryhill*, the case had already been remanded twice, the second time with specific instructions on weighing opinion evidence from this Court, which the ALJ failed to follow in the third administrative decision. 2019 WL 3843051, at *2. In *Benson v. Saul*, the case had been pending for a year longer than the instant case. 2020 WL 3448046, at *7. In both of these cases, the Court saw "no useful purpose in further fact-finding." *Serafin*, 2019 WL 3843051, at *7; *Benson*, 2020 WL 3448046, at *7. Here, however, contradictory medical opinions exist in the record, which will likely be resolved with further proceedings and, more specifically, a proper weighing of each opinion. The Court thus does not find that additional fact-finding would be futile.

The Court therefore will not remand for an immediate award of benefits, but instead for further proceedings. The Court shares Mr. Chavez's concern that remand risks creating a fourth opportunity for the ALJ to again err in his treatment of opinion evidence. (Doc. 22 at 2). For that reason, as well as the length of time since Mr. Chavez first applied for benefits, the Court will instruct the Commissioner to complete these proceedings on remand by no later than **May 31, 2021**. The Court will further instruct the Commissioner to properly weigh the opinion evidence in this case.

### IV.   Conclusion

**IT IS THEREFORE ORDERED** that Mr. Chavez's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum*, (Doc. 19), is **GRANTED** as to remand and **DENIED** as to an immediate payment of benefits.

**IT IS FURTHER ORDERED** that the Commissioner's *Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(G)*, (Doc. 21), is **GRANTED,** and this case is **REMANDED** for further proceedings consistent with this Order**.**

**IT IS FURTHER ORDERED** that the Commissioner complete its proceedings on remand **by no later than May 31, 2021**.

**IT IS SO ORDERED**.

_____
 THE HONORABLE CARMEN E. GARZA
 CHIEF UNITED STATES MAGISTRATE JUDGE