# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MANUEL CHAVEZ,

      Plaintiff,

v.                                                                                                                 No. CV 20-210 CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

      Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** is before the Court on Plaintiff Manuel Chavez's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum* (the "Motion"), (Doc. 27), filed April 21, 2021; and Defendant Andrew Saul's *Response to Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b)* (the "Response"), (Doc. 28), filed April 30, 2021. Mr. Chavez has declined to submit a reply, and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response."); *see also* (Doc. 29).

In his Motion, Mr. Chavez's counsel, Michael Armstrong Law Office, LLC, petitions the Court for an order authorizing attorney fees in the amount of $25,333.63 for legal services rendered before this Court. *Id.* at 1. The Court, having reviewed the Motion and the relevant law, and noting the Motion is unopposed, finds Mr. Chavez's Motion is well-taken and shall be **GRANTED**.

## I.    Procedural Background

Mr. Chavez instituted an action in this Court on March 10, 2020, seeking judicial review of the Commissioner's denial of his application for disability insurance benefits

and supplemental security income. (Doc. 1). In his *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum*, (Doc. 19), filed October 9, 2020, Mr. Chavez additionally asked that the Court grant immediate benefits. (Doc. 19 at 1, 24). On December 11, 2020, instead of filing a response to that motion, the Commissioner filed his own motion, indicating he did not oppose reversing the decision of the Administrative Law Judge (the "ALJ") but rather opposed only an immediate award of benefits. (Doc. 21 at 1). On January 27, 2021, the Court granted in part Mr. Chavez's request for relief, and remanded the case to the Commissioner for further proceedings. (Doc. 25 at 9).

On March 5, 2021, upon remand the Commissioner determined Mr. Chavez was disabled, entered a fully favorable decision, and awarded him past-due benefits in the amount of $125,334.52. (Doc. 27 at 5). The Commissioner notified Mr. Chavez that the Social Security Administration had withheld $31,333.63 from his total benefit payment pending an award of attorney fees pursuant to 42 U.S.C. § 406(b), which constitutes twenty-five percent of total backpay benefits. (Doc. 27-1 at 13).

Mr. Chavez's counsel now seeks an award of $25,333.63, approximately twenty percent of the total past-due benefits awarded to Mr. Chavez. *See* (Doc. 27 at 1, 5); (Doc. 27-1 at 13). His counsel explains that Mr. Chavez will also receive "as a refund" the $6,000.00 in EAJA fees previously awarded by this Court. (Doc. 27 at 2). Although the Commissioner does not take a position on the award of attorney fees, he notes that "in the event Plaintiff was also awarded attorney fees under the EAJA, Plaintiff's attorney must refund the lesser of the two fees to Plaintiff." (Doc. 28 at 1).

II.     **Analysis**

The issue before the Court is whether counsel's requested fee of $25,333.63 is reasonable, as mandated by the controlling statute. When reviewing counsel's request for

attorney fees under § 406(b), the Court must act as an "independent check" to ensure the requested fee is reasonable, even if, as here, the Commissioner offers no objection. Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent they provide for fees exceeding twenty-five percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, there is no presumption that a twenty-five percent fee is reasonable. *Id.* at 807, n.17. It is counsel's burden to demonstrate the reasonableness of his or her requested fee. *Id.* at 807.

Specifically, when a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-

3

contingency fee cases. *Id.*

Here, counsel obtained a fully favorable decision for Mr. Chavez upon remand. (Doc. 27 at 1); (Doc. 27-1 at 1). The requested fee for services performed in connection with this case, $25,333.63, represents approximately twenty percent of Mr. Chavez's backpay benefits, which falls within the twenty-five percent limit imposed by § 406(b). Further, counsel spent 39.1 hours representing Mr. Chavez before this Court under this case number, and 34.2 hours under *Chavez v. Saul*, 1:18-cv-483 SMV, each of which falls within the district's range for a given federal case. (Doc. 30 at 4); *see e.g., Perrault v. Saul*, Civ. 1:18-cv-467 CG, 2020 WL 1514666 (D.N.M. Mar. 30, 2020) (finding 37.6 hours reasonable); *Bigsby v. Colvin*, 1:12-cv-1207 CG (Doc. 31) (finding 37.33 hours reasonable); *Arellanes v. Colvin*, 1:12-cv-1178 KBM (Doc. 32) (finding 36.76 hours reasonable); *Dimas v. Astrue*, 1:3-cv-1157 RHS (Doc. 34) (finding 38.26 hours reasonable). This results in a total of 73.3 hours spent representing Mr. Chavez in his two cases before this Court. (Doc. 27 at 4). Counsel's resulting hourly rate of $345.62 is also well within this District's average. *See, e.g., Gallegos v. Colvin*, 1:12-cv-321 SMV, 2015 WL 13662372 (D.N.M. Apr. 1, 2015) (awarding $617.28 per hour); *Montes v. Barnhart*, 1:01-cv-578 BB/KBM (Docs. 19, 22) (awarding $701.75 per hour).

Mr. Chavez's two attorneys in his two cases before this court are employees of the same law firm. His counsel in the earlier case, Mr. Michael Armstrong, has practiced Social Security law for 35 years. (Doc. 27-1 at 20-21, 32). Mr. Chavez's counsel in the instant case, Ms. Laura Johnson, who in 2019 purchased the firm, has practiced Social Security law for four years, and in that time has successfully represented hundreds of Social Security claimants. (Doc. 27-1 at 16, 29-30). Given both counsel's experience, the Court finds counsel's requested rate of $345.62 reasonable. *See, e.g., Quezada v. Saul*,

1:17-cv-1163 LF, 2019 WL 7293402, at *3–4 (D.N.M. Dec. 30, 2019) (awarding an hourly rate of $690.52, where an associate attorney performed "the bulk" of representation); *Upton v. Saul*, 1:19-cv-482 CG, 2021 WL 1517938, at *3 (D.N.M. Apr. 16, 2021) (awarding an hourly rate of $700.00, where counsel had 13 years' experience). Further, Mr. Chavez's counsel represented him from 2015 through 2021, and won him an award of $125,334.52 in back benefits, with continuing monthly benefits of $947.00. (Doc. 27 at 4-5), (Doc. 27-1 at 12).

Based on Mr. Chavez's counsel's years of experience in Social Security cases, the years of involvement in this particular case, and the success of the representation, the Court finds it reasonable to award attorney fees of $25,333.63, which amounts to approximately twenty percent of the total benefits awarded to Mr. Chavez. The Court further finds, given Mr. Armstrong's statement in his affidavit that "[a]ll proceeds from my representation of claimants inure to the benefit of the firm," that Ms. Johnson, as current owner of the firm, may collect this entire amount. (Doc. 27-1 at 32); *see, e.g.*, *Reid v. Saul*, 1:16-cv-1104 SMV, 2020 WL 1049747, at *2 (D.N.M. Mar. 3, 2020).[1]

In conclusion, the Court finds each component of counsel's requested fee award is reasonable. The requested award is within the district average and is based on the successful representation of Mr. Chavez. Moreover, both the hourly rate and the time spent litigating this case are consistent with similar awards approved in this district. As a result, having conducted an "independent check" on counsel's fee petition, the Court

---

[1] Counsel requests that fees be paid to Michael Armstrong Law, LLC or Laura Joellen Johnson. (Doc. 27 at 2). The fees will likely be issued in accordance with the fee contracts, which name "Michael D. Armstrong," and "Michael Armstrong Law Office, LLC," respectively, as counsel. (Doc. 27-1 at 23-24); *see, e.g.*, *Carrion v. Saul*, 1:19-cv-204 KK, 2021 WL 214669, at *3, n.1 (D.N.M. Jan. 21, 2021).

5

finds counsel's requested fee award should be approved.

## III.  Conclusion

**IT IS THEREFORE ORDERED** that Mr. Chavez's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum*, (Doc. 27), shall be **GRANTED**. Mr. Chavez's counsel is awarded $25,333.63 for legal services performed before this Court, to be paid from Mr. Chavez's past-due benefits previously withheld by the Commissioner. *See* (Doc. 27-1 at 13) (explaining the Commissioner withheld $31,333.63 from Mr. Chavez's award of past-due benefits to cover attorney fees). Counsel is further directed to refund the EAJA fee award of $6,000.00 from the instant award to Mr. Chavez, notwithstanding any mandatory deductions. *See* 31 U.S.C. § 3716(c)(3)(B) (2006); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE